ADAMSON *v.* THE AUDITOR AND TREASURER OF WARREN COUNTY.

Township trustees may levy a tax to build school-houses.

A statute conferring authority to tax must be general; but the exercise of the authority need not be uniform throughout the state.

The provision of the school law of 1852, authorizing the voters of a township to vote a tax for certain purposes, being unconstitutional, such a vote is a nullity; but the township trustees may levy a tax for building school-houses, without regard to the vote.

*Friday,*
*May 29.*

APPEAL from the *Warren* Circuit Court.

PERKINS, J.—Suit by *Adamson* against the auditor and treasurer of *Warren* county, to recover back the amount of tax paid by the plaintiff, which tax was assessed by the trustees of *Mound* township, in said county, for the year 1853, for the building of school-houses. The tax was assessed by the trustees, after a vote of the township, at the *April* election, in its favor. The complaint was demurred to, the demurrer sustained, and the defendant had final judgment.

According to the decision in the *Maize* case, 4 Ind. R.

342, the provision of the school law giving the right to the citizens of the township to vote taxes, &c., is unconstitutional.

According to the decision in *Greencastle, &c.* v. *Black,* 5 Ind. R. 557, the provision in that law authorizing township trustees to assess taxes for paying teachers of common schools, is unconstitutional, because the power of voting taxes for that purpose is vested by the constitution in the legislature alone. As to such taxes the law must be uniform throughout the state. *Quick* v. *White-Water Township,* 7 Ind. R. 570.— *Quick* v. *Springfield Township, id.* 636.

But the constitutional requirement does not reach to the subject of taxes for building school-houses, &c. These are left within the power of township trustees, and no more uniformity can be required as to them, than there can be as to those for building court-houses and jails in the different counties. The law conferring the authority to tax must be general, not special; but the exercise of the power need not be uniform throughout the state. That may vary with the wants, tastes, and abilities of different localities.

If, then, the trustees had the power to levy the tax complained of, the law conferring it being constitutional, and the section authorizing the vote of the citizens was unconstitutional, thus rendering the vote a nullity, the tax was legally levied by the trustees, without regard to that vote. It did not vitiate the exercise of a power valid without the vote.

We think the trustees were empowered to levy the tax. See section 32, 1 R. S. p. 444, in connection with the other provisions of the law. See, also, the school law of 1855, section 9.

What we have already said disposes of the whole case.

*Per Curiam.*—The judgment is affirmed with costs.

*R. A. Chandler,* for the appellant.

*B. F. Gregory* and *J. Harper,* for the appellees.