*J. B. Niles*, for the appellants.

*May Term,*
*1858.*

CRIST
v.
BROWNS-
VILLE TOWN-
SHIP.

———————

## CRIST v. BROWNSVILLE TOWNSHIP.

It is for the township trustees to determine where school-houses are necessary and convenient; and a contract by the trustees for the building of a schoolhouse is binding on the township, though one of the trustees protested against it.

APPEAL from the *Union* Circuit Court.

DAVISON, J. — This was an action by *Crist* against *Brownsville* township, upon an agreement in writing. The agreement bears date *February* 20, 1856; it is alleged to be between said township and *Crist;* and it contains the

| 10 | 461 |
| 146 | 224 |
| 10 | 461 |
| 155 | 157 |
| 10 | 461 |
| 163 | 247 |
| 10 | 461 |
| f166 | 140 |
| 10 | 461 |
| 171 | 292 |

*Saturday,*
*June 19.*

May Term,
1858.

CRIST
v.
BROWNS-
VILLE TOWN-
SHIP.

following stipulations: " *Crist* agrees to build a school-house [describing its dimensions] on the south-east corner of *Henry King's* land, to be constructed with good materials and in a workmanlike manner, to be completed on or before the first of *May*, 1856. And the trustees of the township agree to pay *Crist* 391 dollars, one-half to be paid on the completion of the house, and the balance on the 25th of *December*, 1856. [Signed,] *John A. Sharkey*, *James Cunningham*, trustees of *Brownsville* township. *Christian Crist*, contractor."

The complaint avers that the agreement was, on the — day of ——, 1856, duly ratified and affirmed by the defendant; that the plaintiff, on his part, had fully performed it, but that the defendant had failed to pay the 391 dollars or any part thereof, wherefore the plaintiff demands judgment, &c.

The defendant demurred to the complaint; but his demurrer was overruled. And thereupon he answered by a general denial.

The Court tried the cause and found for the defendant. Judgment was accordingly rendered, &c.

The evidence shows that at a regular session of the trustees of said township, held on the 26th of *January*, 1856, the propriety of having a school-house in conjunction with *Harrison* township was discussed, and the construction of such house in *Brownsville* township, near the line of *Harrison* township, on *Henry King's* land, was agreed on—certain citizens of the former township having agreed to build it by subscription, in the form of a donation, provided the trustees would give them, annually, receipts to the county treasurer for their portion of the building tax, &c. It was further shown that the trustees met on the 20th of *February*, 1856—all of them being present—when the following proceedings were had: " The building of the school-house in district No. 4, on the south-east corner of *Henry King's* land, was let to *Christian Crist*, said *Crist* being the lowest bidder. Dimensions of house and manner of workmanship specified in article of agreement on file in the clerk's office." It was proved that the plaintiff

built and completed the house, according to the agreement May Term, 1858.
sued on.

The plaintiff having rested, the defendants produced two witnesses, who testified that, in their belief, the school-house constructed by the plaintiff was unnecessary, there being another school-house in the center of the same district. It was also shown that *Groves*, one of the trustees, had opposed the erection of the house in question, and had given his written protest against the action of a majority of the trustees in respect to such building. The above is believed.to be, in substance, all the evidence in the cause.

The statute requires the trustees of each civil township to establish and conveniently locate a sufficient number of schools in their respective townships, and to make contracts for the building and repair of school-houses. 1 R. S. p. 440. We have seen that the trustees, while in session, on the 26th of *January*, agreed to build the house in conjunction with an adjoining township; but the contract then made seems to have been abandoned, and therefore it has no important bearing in the consideration of the case. There was, however, a regular meeting of the same trustees on the 20th of *February*, at which they let the building of the house in question to the plaintiff, upon the terms and for the amount stated in the agreement sued on. We think these proceedings are consistent with the statute to which we have referred, and bind the township to the fulfillment of the written contract entered into by the trustees.

It was for the trustees to decide whether the school-house was necessary and convenient, at the point where it was located; and, in our opinion, the evidence before us does not show their decision in this instance to have been incorrect. Nor is there anything in the fact that one of the trustees protested against the erection of the house. Two being a majority, were competent to transact the business. The finding of the Court is, no doubt, unsustained by the evidence, and the plaintiff is, therefore, entitled to a new trial.

CRIST
v.
BROWNS-
VILLE TOWN-
SHIP.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*J. Yaryan* and —— *Bennett*, for the appellant.

*J. S. Reid* and *J. F. Gardner*, for the appellees.