Nov. Term, **1860.**

Nill
v.
Jenkinson.

---

## Nill and Others *v.* Jenkinson.

The school trustees of the city of *Fort Wayne* having incurred a debt for the erection of a school house, the city council ordered the city treasurer to pay it out of the general funds in the city treasury. The appellee, a tax payer of the city, enjoined the payment of the money.

*Held,* that under the act of *March* 5, 1855, the city had power to make provision for the payment of the debt incurred by her school trustees in the erection of the school house, but that she could only do so by a tax assessed, levied, and collected for that specific purpose.

APPEAL from an order of the judge of the *Allen* Circuit Court.

*Wednesday, December* 19.

DAVISON, J.—The appellee, who was the plaintiff, alleges in his complaint, that *Conrad Nill* is the treasurer of the city of *Fort Wayne*, in the county of *Allen*; that *William Rockhill*, *Charles Sturgis* and *William Link* are the school trustees of the same city, and that he, the plaintiff, resides therein and is a tax payer. That, on *November* 10, 1857, the common council of *Fort Wayne* passed an order to said treasurer, to pay the school trustees, *Rockhill*, *Sturgis*, and *Link*, $3,500 *out of the general funds in the city treasury*, to enable them to pay a debt, contracted and due by them, for the erection of a common-school house in the city of *Fort Wayne*; erected by said trustees under the general laws of the State. That the common council of the city never have instituted a system of free public schools; and that *Nill*, the city treasurer, will, within one hour, pay off said order to the trustees, for the purposes aforesaid. The relief prayed is, that *Nill*, the treasurer, be enjoined from paying the order, and that the trustees be restrained from paying out the same until final hearing. And that upon final hearing, the injunction be made perpetual, &c. And for general relief, &c.

Upon the filing of the complaint, the same being verified by affidavit, the plaintiff moved the judge of said Court "for an injunction in accordance with the prayer of the complaint, upon the complaint alone, without any other evidence;" which motion the Court sustained, and, accordingly, granted the injunction, &c. The defendants appeal to this Court, &c. As we understand the complaint, it assumes that the trustees, having proceeded under the act providing "for a general system of common schools," &c., "approved *March* 5, 1855," had erected a common-school house in the city of *Fort Wayne;* for the erection of which they had incurred a debt of $3,500; and that the city council had ordered this debt to be paid out of the *general funds* in the city treasury. Had the council power to do this? The act of 1855, to which we have referred, says, (§ 9,) that the township trustees shall have power to levy a tax for the construction and repair of school houses, &c.; but no such tax shall exceed 25 cents on each 100 dollars of property, and 50 cents on each poll," &c. And by § 21 of the same act it is provided that, "Incorporated towns and cities shall constitute school corporations, independent of the townships in which they may be situated, and shall be entitled to the proportional amount of school funds to which the number of children between the ages prescribed by law will entitle them; and shall, by *trustees elected by the people, or by officers appointed by the corporation, perform all the duties required of township trustees, and exercise all the duties vested in such trustees; prepare and file with the auditor all the reports required of, and be subject to all the liabilities of, such trustees.* They shall have power to establish graded schools, *and generally to do and perform all other acts which by this act are authorized to be done by township trustees: Provided, however, that in case any school district, within the limits of such city or town, shall have heretofore contracted debts for school purposes, such city or town shall make provision for the payment thereof,"* &c. Acts 1855, pp. 162–165. In this instance, the trustees had incurred a debt for building a school house in the city of *Fort Wayne.* And, as has been seen, the city had power, under the act, to make provision "for the payment

of debts contracted for *school purposes*." It must, however, be noted, that the power thus conferred, so far as it relates to the levy and collection of taxes for tuition, has been held in conflict with the Constitution. The *City of Lafayette* v. *Jenners*, 10 Ind. 70. But in that case it was also held, that "municipal corporations may raise money by taxation to build school houses; but the assessments should be for the specific object." *Adamson* v. *The Auditor*, &c., 9 Ind. 174; Acts of 1855, § 1, p. 184. It may therefore be assumed, that the city of *Fort Wayne* had the power to make provision for the payment of the debt incurred by her school trustees, in the erection of the school house. But it seems to us, she could do this only by a tax, assessed, levied, and collected, for that specific purpose. When such tax is levied, the county auditor, "upon being required so to do, by the proper authorities of the city, shall enter it upon his duplicate, and the treasurer shall proceed to collect the same, &c., and, when collected, shall pay the same over to the treasurer of the city," &c. *Ib.* § 4. Indeed, the various enactments on the subject of common schools evince an obvious intent, to keep the funds intended for educational purposes separate and distinct from those assessed and collected for the ordinary purposes of State and county expenditure. We are of opinion, that the common council had no right to order the funds in the city treasury, raised for general purposes, to be applied to the debt in question; and the result is, the judgment, granting the injunction, must be affirmed. Other errors are assigned, but they are expressly waived in the appellants' brief.

*Per Curiam.*—The judgment is affirmed, with costs.

*R. Brackenridge*, for appellants.

*John U. Pettit*, for appellee.