HEAL *v.* JEFFERSON TOWNSHIP, of GRANT COUNTY.

HEAL
*v.*
JEFFERSON
TOWNSHIP.

Suit upon an order of the board of trustees of *Jefferson* township, signed by the clerk and president of the board, requiring the treasurer to pay $146 for building a school house.

*Held,* that the order was a valid demand against the township, upon which an action might be maintained.

*Held,* also, that township trustees may levy a tax to build school houses, and their contracts for building such houses are binding on the township.

APPEAL from the *Grant* Circuit Court.

*Wednesday,
December* 19.

DAVISON, J.—The appellant, who was the plaintiff, sued *Jefferson Township, in Grant County,* before a justice of the peace, upon an order of the trustees of that township, in these words:

"*June* 27, 1857.   No. 2.   School district, No. 9.   Ordered by the board of trustees, that the treasurer pay *James M. Heal* 146 dollars for building of school house; fund, special tax."                "GEORGE NEEDLER, *Clerk.*"
                "ANDREW HORNER, *President.*"

On which order is endorsed as a credit, $71.$\frac{20}{100}$, leaving a balance of $83.$\frac{20}{100}$, of principal and interest thereon unpaid; for which plaintiff demands judgment, &c.   The justice gave judgment for the defendant, and the plaintiff appealed.   In the Circuit Court, the issues were submitted to the Court. Finding for the defendant.   New trial refused, and judgment, &c.

Upon the trial, one *Thomas Dean,* a witness, testified as follows: "At the time the order was issued I was treasurer of said township.   About a month afterward the plaintiff called on me, and I told him there was no money to pay the order.   After this he again called, when I paid him $71.$\frac{20}{100}$, the amount endorsed, &c.   In *June,* 1859, plaintiff presented the order, and I, as treasurer, offered to pay the principal of the order, and refused to pay the interest on it; but he would not receive any money on it, unless he got both principal and interest."   This, with the order itself, was all the evidence, &c.   It is said, in argument, that the Court, in its decision,

Nov. Term,
1860.

HEAL
v.
JEFFERSON
TOWNSHIP.

assumed the ground, "That the Legislature had failed to make any liability attach upon the non-payment of debts due from any township, if the object of the debt was for any school purpose; that at the date of the order, and the commencement of this suit, there was no such corporation known to our law, as a 'school township,' or a 'township for school purposes;' and that no township, then in existence, could be held liable for the non-payment of that part of the township fund."

The record shows that this suit was commenced *June* 13, 1859. And reference being had to various statutory provisions bearing on this subject, it seems to us that the exposition of the Court, just recited, is not strictly correct. 1 R. S., § 4, p. 495, declares that, "Each and every township that now is, or may hereafter be organized, &c., is hereby declared a body politic and corporate, by the name and style of '—— township of —— county,' according to the name of the township and of the county in which the same may be organized; and by such name may contract and be contracted with, sue and be sued, in any Court having competent jurisdiction." Again, it is thus enacted: "Each civil township is hereby declared a township for school purposes, and the trustees of such township are hereby declared to be trustees, also, for school purposes; and their clerk and treasurer shall be the clerk and treasurer for school purposes, also." And, "such treasurer shall collect all rents and debts belonging to his township; receive from the county treasurer all sums apportioned to his township for educational purposes, &c., and pay out the same according to the orders of such board," &c. *Id.* §§ 4–7, p. 440. These statutory enactments were in force when the order sued on was drawn, and at the time this suit was instituted. It follows, the order was a valid demand against the township, and the defendant is liable in this action, in case she had power to appropriate money for the purpose indicated in the order. But we have expressly decided, that "township trustees may levy a tax to build school houses." *Adamson* v. *The Auditor*, 9 Ind. 175. "And that their contract, for building such houses, is binding on the township." *Crist* v. *Brownsville Township*, 10 Ind. 461. We

are of opinion that the finding of the Court was against the evidence, and that a new trial should have been granted.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*A. Steele* and *H. D. Thompson*, for appellant.