S. Forbes Doggett, Appellant, vs. Philip Walter, Tax Collector City of Jacksonville, Appellee.

1. The twenty-third section of the act to provide for the incorporation of cities and towns, etc., approved February 4, 1869, which granted to the city or town council the *power* to levy and collect taxes upon property, real and personal, for the use and good government of the city or town, and for carrying out the purposes of its organization, was not repealed by section seventy-nine of an act for the assessment and collection of revenue, approved June 24, 1869.

2. The meaning and intention of the Legislature, in the enactment and repeal of laws, may often be found in the cotemporaneous and subsequent action of that body in reference to the subject-matter, and the evident intention of the Legislature will control the construction of its acts.

Appeal from Duval Circuit Court, Fourth Judicial Circuit.

A statement of the case appears in the opinion of the court.

*S. Forbes Doggett* and *S. Pasco* for Appellant.

The question presented by the pleadings for the decision of the court is, whether the Legislature authorized the city of Jacksonville to impose a tax of two per cent. upon real and personal property for the year 1874.

This question arises out of the constitutional limitations upon the power of taxation, viz: "No tax shall be levied except in pursuance of law." See Constitution, Art. 12, Sec. 3.

The Legislature shall authorize the several counties and incorporated towns in the State to impose taxes for county and corporation purposes, and for no other purpose; and all property shall be taxed upon the principle established for State taxation. The Legislature may also provide for levying a special capitation tax, and a tax on licenses; but the capitation tax shall not exceed one dollar per annum for

all purposes, either for State, county, or municipal purposes. See Constitution, Art. 12, Sec. 6.

The Legislature is prohibited from passing special or local laws for the assessment and collection of taxes for State, county and municipal purposes. See Constitution, Art. 4, Sec. 17.

Another provision of the Constitution out of which the question arises is as follows:

The Legislature shall establish a uniform system of county, township and municipal government. See Constitution, Art. 4, Sec. 21.

The Legislature has carried into effect the foregoing grant of power by the passage of the act of 1869. Chap. 1688, 2d Sess. Leg., 1869; pamphlet Laws, p. 22.

There is no limit to the amount of tax which the city or town council have power to raise upon all real and personal property within the corporation by virtue of the act of February 4, 1869. Sec. 23, Act Feb. 4, 1869. It is not intended to question the constitutionality of this section, which it is believed can be successfully done, because it will be shown that it is repealed.

The first proposition submitted is, that the power to levy taxes and make local assessments, conferred upon municipal corporations, may, in the absence of constitutional restriction, and when the rights of creditors are not impaired, be changed at the pleasure of the Legislature. See Dillon on Municipal Corporations, Sec. 608, pp. 34, 35, 36, 39, 41, 44, 52.

The next proposition is, that the twenty-third section of the act of February 4, 1869, was repealed by the act of June 24, 1869, the seventy-ninth section of which is in the following words: "All acts and parts of acts heretofore passed relating to assessment and taxation are hereby repealed." See Acts Extra Sess., 1869, p. 23.

In the year 1872 another act was passed for the assessment and collection of revenue, the sixth section of which

Doggett v. Walter.

authorizes cities or towns to levy a tax upon real and personal property, which shall not exceed the amount of State tax. The twenty-fifth section of said act provides that "all assessments made and taxes levied after the passage of this act shall be in pursuance of the provisions of this act." Sec Act of Feb. 29, 1872, p. 45, Secs. 6, 25.

The act of February 29, 1872, is repealed by the act of February 17, 1874; so also is the act of June 24, 1869. See Act Feb. 17, 1874, Sec. 66, p. 29.

The Act of February 14, 1869, repealed by the act of June 24, 1869, is not revived by the act of February 17, 1874, repealing the two acts of June 29, 1869, and February 29, 1872, for two reasons: 1. Because the act of February 17, 1874, for the assessment and collection of revenue, takes the place of all the repealed acts. 2. Because "no statute of this State which has been repealed shall ever be revived by implication." See Thomp. Dig., p. 22, Sec. 3.

The act of February 17, 1874, is the only law for the assessment and collection of taxes for State, county and municipal purposes; and the only tax incorporated cities are authorized to impose by the provisions of this act is a license tax. See Act Feb. 17, 1874, Sec. 11, p. 11.

The language of the Act of February 17, 1874, is restrictive, and intended to exclude all things which are not enumerated. *Expressio unius est exclusio alterius.* Dwarris on Statutes, p. 605.

A *casus omissus* can in no case be supplied by a court of law; for that would be to make laws. Judges are bound to take the act of Parliament as the Legislature has made it. Dwarris on Statutes, p. 598.

A statute conferring authority to impose taxes must be construed strictly. See 4 Fla., p. 402.

In construing the words of an act of Parliament, and collecting from them the intentions of the Legislature, the terms are always to be understood as having a regard to the subject-matter; for that, it is to be remembered, will always

be in the eye of the framer of the law, and all his expressions directed to that end. Dwarris on Statutes, pp. 581, 646.

Recurring to the general revenue act of June 24, 1869, and the effect the seventy-ninth section, the repealing section of said act, has upon the general incorporating statute by which municipal corporations are created in this State, 'it is submitted that the principle that general legislation on a particular subject must, in the absence of anything showing a different intent on the part of the Legislature, give way to inconsistent special legislation on the same subject, cannot be recognized or applied in this case, because there is no municipal corporation in this State created by charter or special legislation; none can be so created—they are all created by a general incorporating statute.

"The power of taxation," says an eminent writer, "is a great governmental attribute with which the courts have very wisely shown extreme unwillingness to interfere; but if abused, the abuse should share the fate of all other usurpations." Cooley's Const. Limitations, p. 494; Sedgwick on Const. and Stat. Law, 414.

In addition to the foregoing, it is urged that if the twenty-third section of the act of 1869 (Chap. 1688) has not been repealed, as is maintained, then the amendment to it (Chap. 2045) is valid, and that only authorizes a tax of one and a half per cent. to be levied. In that case, we are entitled to a part of the relief prayed for, namely, an injunction against the excess or one-quarter of the tax levied.

*Finley & Finley* for Appellee.

There are but two questions raised by the record in this case:

1. Whether the assessment in question was, at the time it was made, authorized by law?

2. Whether the sale of the property, under said assessment, would deprive the owner of it without due process of law?

The first question necessarily includes the second; for if the assessment was authorized by law, then the sale of the property, so far as the assessment is concerned, would be legal and binding; but if the assessment was unauthorized, then the sale would be invalid, and the purchaser would take no title by his tax deed.

We therefore address ourselves to the consideration of the first question, which is: "Was the assessment mentioned, at the time it was made, authorized by law?"

The Constitution, in positive terms, requires the Legislature to authorize the several counties and incorporated towns in the State to impose taxes for county and corporation purposes. Constitution, Art. XII., Sec. 6.

Has the Legislature complied with this requirement?

We answer that it has, in the twenty-third section of the act of February 4, 1869, entitled an "act to provide for the incorporation of cities and towns, and to establish a uniform system of municipal government in this State."

The twenty-third section of the act just referred to authorizes incorporated cities and towns "to raise by tax and assessment, upon all real and personal estate, and by any other constitutional method of taxation, within the corporation, any and all sums of money that may be required for the use and good government of the city or town, and for carrying out the powers, rights and duties herein granted and imposed, and to enforce the receipt and collection thereof in the same manner as the assessments and taxes of the State are collected." (See Act 1869, p. 27—second session under Constitution of 1868.

This was a full compliance with the requirements of the Constitution, and only limited incorporated cities and towns in the assessment and collection of taxes to such amount as might be required for their "use and good government, and for carrying out the powers, rights and duties imposed," etc.

We affirm that section twenty-three of the act of Febru-

ary 4, 1869, (the general incorportion act,) was in force at the time the assessment in question was made.

The seventy-ninth section of the revenue act of June 24, 1869, did not repeal the general incorporation act of February 4, 1869, nor did it repeal the twenty-third section of the last named act.

That the seventy-ninth section of the act of June 24 *did not* repeal the act of February 4, 1869, is too clear to require argument; while to say that it repealed the twenty-third section of the last named act would be to assert that the Legislature, in utter disregard of the Constitution, which required it to authorize incorporated cities and towns to impose taxes, etc., deliberately took away from them such authority after it had been conferred, and then left them, with important rights to exercise and duties to perform, without the power to exercise those rights and discharge those duties, which would be an unreasonable construction.

Every statute must be construed so as to give it a reasonable effect. Blackwell on Tax Titles (Rules of Interpretation), p. 625—citing 3 Mass., 523; 5 Mass., 380; 7 Mass., 458; 15 Mass., 205; 2 Pickering, 571; 23 Pickering, 93.

Statutes must be so construed as to suppress the mischief, advance the remedy, and *preserve fundamental principles*. Blackwell on Tax Titles, p. 620, No. 135—citing Coke, Littleton, 381 b.; 8 John., 41; 10 John., 467.

The law does not favor a repeal by implication, unless the repugnance be quite plain; and such a repeal, carrying with it a reflection on the wisdom of former Legislatures, has been confined to repealing as little as possible of the preceding statutes.

So, when two acts of the Legislature are seemingly repugnant, yet if there be no clause of *non obstante* in the latter, they shall, if possible, have such construction that the latter may not be a repeal of the former by implication. Dwarris on Statutes, p. 156–7.

When there is a difference in the whole purview of two

statutes (as in this case, one being an incorporation act and the other a revenue act,) apparently relating to the same subject, the former remains in force. Dwarris on Statutes, p. 158.

It is true that the revenue act of February 29, 1872, did limit the city and town taxes to the amount allowed by law to be imposed for State purposes; but the last mentioned act, it is to be observed, *did not contain any repealing clause whatever*, and did not conflict with the general power to impose taxes, nor the *purposes* for which they might be imposed, under the twenty-third section of the incorporation act of February 4, 1869, but only *limited the amount* which might might be imposed for corporation purposes.

Now, the revenue act of February 17, 1874, repealed both the revenue acts of June 24, 1869, and of February 29, 1872; and it is contended that the sixth section of said act of 1872 only operated as a temporary repeal or suspension of the twenty-third section of the act of February 4, 1869, in respect of the rate of city taxation, and that, upon the repeal of the act of 1872, the twenty-third section of the incorporation act of 1869 was relieved from the operation of such temporary repeal or suspension, re-acquired all its original force and effect, and was the only remaining law in the statute book under which city taxes could be imposed.

On every act professing to repeal or interfere with the provisions of a former act, it is a question of construction whether it operate as a total, or partial, or temporary repeal. Dwarris on Statutes, 158.

Whether the twenty-third section of the act of February 4, 1869, was in force at the time the taxes in question were imposed by the city of Jacksonville is a judicial question, and to be judicially decided; but it will not be considered out of place to invite the attention of the court to the act of February 27, 1875, which amends the twenty-third section of the incorporation act of 1869, simply to show that in the opinion of the last Legislature the said twenty-third

section was in force up to the time of said amendment. Acts of 1875, p. 57.

It is also very manifest that the Legislature, in the passage of the act of February 17, 1874, repealing the revenue acts of 1869 and 1872, did not intend to leave incorporated towns and cities without the power to impose taxes for corporation purposes, from the fact that the fifty-sixth section of the said act of 1874 authorizes the tax collector of any city or incorporated town to proceed substantially in the same manner, in the collection of taxes and sale of lands for the non-payment of taxes, as collectors of revenue. Act of 1874, p. 25.

And the sixty-first section of the same act authorizes the clerk of any incorporated town to make deeds for land sold for taxes, etc. Act of 1874, p. 27.

Thus showing that it was the intention of the Legislature, in repealing the act of 1872, to remove the temporary suspension of the twenty-third section of the act of February 4, 1869, and to restore said section to the full scope of its original operation.

Upon the foregoing argument and authorities, it is contended for the appellee that at the time the taxes in question were imposed, the twenty-third section of the incorporation act of February 4, 1869, was in force, and that the imposition of said taxes was authorized by law; and that a sale under said assessment did not deprive the appellant of his property without due process of law, and in violation of the constitution in any of its provisions.

RANDALL, C. J., delivered the opinion of the court.

The appellant filed his bill to restrain the tax-collector of the city of Jacksonville from selling appellant's lots within the city for taxes thereon assessed for the year 1874, upon the ground that the taxes were assessed without authority of law. It is alleged that the property was taxed at the rate of two *per centum* for municipal purposes for that year,

whereas it is alleged that there was no law authorizing the levying of any tax except for licenses.

The Circuit Judge refused to grant the injunction prayed, from which the complainant appealed.

The only question raised is, whether there was any law of the State in existence authorizing the levying of city taxes upon property when this tax was levied in 1874?

The sixth section of Article XII. of the Constitution reads: "The Legislature shall authorize the several counties and incorporated towns in this State to impose taxes for county and corporation purposes, and for no other purpose, and all property shall be taxed upon the principle established for State taxation."

Section 23 of an Act to provide for the incorporation of cities and towns, &c., approved February 4, 1869, reads thus: "That the city or town council shall have power to raise, by tax and assessment, upon all real and personal estate, and by any other constitutional method of taxation, within the corporation, any and all sums of money that may be required for the use and good government of the city or town, and for carrying out the powers, rights and duties herein granted and imposed, and to enforce the receipt and collection thereof in the same manner as the assessments and taxes of the State are collected."

Section 24 authorizes the city council to provide for the election of a treasurer, assessor and collector of taxes. (Laws of 1869, Ch. 1688.)

It is claimed that the twenty-third section above quoted was repealed by the seventy-ninth section of an act for the assessment and collection of revenue, approved June 24, 1869, which reads as follows: "All acts and parts of acts heretofore passed, relating to assessment and taxation, are hereby repealed."

The latter act contains no express reference to the general incorporation act of 1869, nor any provisions in regard to the power of cities to levy taxes. It is an act providing

the mode and manner of assessing and collecting taxes, the property to be assessed and the duties of assessors and collectors and of the county commissioners, and prescribes nothing in regard to city taxes except that the charge for licenses by counties and cities shall be fifty per cent. of the amount charged by the State. (Sec. 14.)

Next we have "an act for the assessment and collection of revenue in this State," which became a law February 29, 1872. (Ch. 1887.) The twenty-fifth section provides that "all assessments made and taxes levied after the passage of this act shall be in pursuance of the provisions of this act." It repeals the seventy-ninth section of the act of June 24, 1869, above quoted, and amends said act in several particulars, and affects the subject of city taxes only by providing (Sec. 6) that the board of equalization of any county, city or town, at their meeting for equalizing the county, city, or town tax, shall determine the amount of money to be raised by tax to defray the annual expenses, such tax not to exceed the amount of the State tax and the amount necessary to pay the interest on bonds issued by the county or city. The State tax was fixed at eleven mills on the dollar, and to be levied upon the real and personal property. Section thirteen provides that the tax collector of any city or incorporated town shall proceed substantially in the same manner, in the collection of taxes and sale of lands for the non-payment of taxes, as collectors of revenue. Section sixteen also provides for the sale and redemption, and deeds to be executed upon sales of land, by the treasurer of the county or city, for taxes. Section eighteen provides that the clerk of the city shall execute deeds for lands sold for the non-payment of city taxes.

The next law on the subject is the act for the assessment and collection of revenue, approved February 17, 1874. The appellant insists that the eleventh section of this act contains the only authority remaining in the city to collect revenue, and that by this section it is only authorized to

Doggett v. Walter.

impose a license tax. It provides that no person shall engage in any business or occupation mentioned unless a State license shall be first obtained therefor at the rates specified, and that incorporated cities and counties may impose such further license taxes or rates for county or municipal purposes, not exceeding one-half the amount levied by the State, etc. The sixty-sixth section repeals the above named acts of June 24, 1869, and February 20, 1872.

And this is the appellant's proposition: that the twenty-third section of the act of February 4, 1869, (commonly known as the general municipal incorporation act,) was repealed by the seventy-ninth section of the act of June 24, 1869, which repealed "all acts and parts of acts heretofore passed relating to assessment and taxation;" that the act of February 29, 1872, authorized cities to levy a tax upon real and personal property not exceeding the amount of State tax; and that all assessments and taxes must thereafter be levied in pursuance of that act; that the act of 1872 was repealed by the act of February 17, 1874; that the several repealing acts do not, in express terms, revive any law already repealed, and hence the city has no power to raise any tax whatever, except for licenses.

Let us examine this act of 1874 further as to its bearing upon these propositions. It provides that real and personal property, not expressly exempted, shall be subject to taxation in the manner provided by law. By section six, all lands shall be assessed in the county, *town*, *city*, etc.' in which the same shall be. By section eight, the real estate of incorporated companies shall be assessed in the county, *city*, *town*, etc., in the same manner as property of individuals. By section eleven, cities and counties may impose license taxes. Then follow the general directions as to the time and manner of making the assessment, the equalization and correction, the issuing of the tax warrant, proceedings for collection by sale of real and personal property; and section fifty-six provides that "the tax collector

of any city or incorporated town ·shall proceed substantially in the same manner, in the collection of taxes and sale of lands for the non-payment of taxes, as collectors of revenue." Section fifty-eight provides for the redemption of lands sold for taxes by payment of redemption. money to the county clerk or collector of any city or town, who shall give à certificate of redemption. Sections sixty and sixty-one provide for the execution of a deed by the city clerk, if the lands are not redeemed from the sale for city taxes. None of these acts purport to confer upon incorporated cities and towns the express power to levy taxes upon real and persönal estate, except the twentieth and twenty-third sections of the act of February 4, 1869, which are claimed to be repealed.

The twenty-third section of that act, as we have found, expressly confers upon the city or town council the power to raise, by tax and assessment upon the real and personal estate, any and all sums of money that may be required for the use and good government of the city or town, and for carrying out the powers, rights and duties imposed upon them, and to enforce the receipt and collection thereof in the same manner as the assessments' and taxes of the State are collected. The question, then, is, Does section seventy-nine of the act of June, 1869, amend or repeal that section, and destroy the power there conferred? The language is: "All acts and parts of acts heretofore passed, relating to assessment and taxation, are hereby repealed." The title of the act containing this repealing clause is, "an act for the assessment and collection of revenue." It directs that all lands shall be assessed in the county, *town* or *city* where the same shall be, and authorizes the cities to levy license taxes; and beyond this it is but a general act, designatirig the property liable to taxation, and prescribing the time and manner of assessing property and collecting taxes and licenses. The bill, by its title, purports this and nothing more, and the body of the bill pre-

scribes nothing more. It makes no reference to the incorporation act, and is in full consonance with it; and some of its provisions, as that all lands shall be assessed in the town or city where situated, can have no signification whatever, if the power to assess property by city governments was abrogated.

If the Legislature did not intend, by the act and the general repealing clause used, to destroy the power of the city to levy taxes and provide the means of its support, but only to change the mode of executing the power, and this intention is apparent from the act and the collateral action of the Legislature, such intention must prevail. "In the construction of a statute," says Semmes, J., in the opinion of the court in Bryan vs. Dennis *et al.*, expressing a well settled rule, "all laws *in pari materia* should be considered in order to ascertain the will of the Legislature; for that which is within the intention of the makers of the law is as much within the statute as if in the letter; and the intention of the Legislature may often be collected from the cause or necessity of enacting the law."

Lord Mansfield, in Rex vs. Loxdale, 1 Burr., 447, says : " Where there are different statutes *in pari materia*, though made at different times, or even expired, and not referring to each other, they shall be taken and construed together as one system, and as explanatory of each other." And see Kent's Com., Vol. 1, 460, *et seq.*, and a very valuable collection of maxims and authorities found in Blackwell, Tax Tit., 606–634. The citations of counsel from Dwarris and other authorities are in accord with the above rules.

In recent cases in the Supreme Court of the United States, it was held that a resolution of Congress defining and declaring the intent and meaning of an act of Congress, controlled the judicial construction. (Bigelow vs. Forrest, 9 Wallace, 339.)

The argument of the appellant's counsel is, that the section of the city incorporation act which did confer upon

the municipal authorities the *power* to levy taxes is swept away by the language of the repealing act, which repeals "all laws heretofore passed relating to assessment and taxation;" and yet every act passed relating to the subject of taxation has recognized the existence and validity of that section by providing the mode and manner of its exercise. The Legislature have treated it as unrepealed, and have regarded the phraseology of the repealing act "relating to assessment and taxation" as referring to the mode and machinery of levying taxes, and principles of taxation, and not to the power. This harmonizes with the view of this court in the case of Shear vs. Commissioners of Columbia County, 14 Fla., 146, as respects the effect of this repealing clause, in which case it was held that a law providing a remedy against illegal assessments, though *relating to the subject* of assessments, was not affected by the repeal. The construction contended for would, in effect, destroy every municipal government in the State by abrogating its power to do what it is required to do. We have shown, by an examination and recital of the details of the several acts passed since the repealing clause, that the Legislature contemplated the continued exercise of the power of taxation by the city and town councils. (See also Chap. 2045 of the Laws of 1875, amending the very section which is claimed to be repealed.)

It is argued that the law-making power may be exercised even to the complete annihilation of the power to levy taxes by municipal bodies, as, it is claimed, was done by the supposed repeal. In view of the provision of section six, Art. XII., of the Constitution, requiring that the Legislature *shall* authorize incorporated towns to impose taxes on property and license taxes for municipal purposes, it may be well doubted whether the Legislature can, after conferring the power, abrogate it to such extent as to render the corporation impotent, unless it be intended to destroy the corporate organization itself.

Doggett v. Walter.

Having concluded that the section conferring the power to levy the taxes upon property is not expressly or by implication repealed, but treated by the Legislature in every instance as still in force, we inquire, has that section been amended in any manner so as to affect the power to levy the tax in controversy? The constitutional provision in regard to amendment of statutes requires that the section, *as amended*, shall be re-enacted at length. (Sec. 14, Art. IV.) We do not find that this has been done. The act of February 29, 1872, limited the amount which cities might levy upon property to the maximum amount of the State tax (which was fixed at eleven mills,) *and* the amount necessary to pay interest on bonds issued. This is a mere limitation as to amount, not as to the power to levy, and did not become a part of the section in question. It was a limitation of the discretion, without affecting the power to tax, and has the same effect as if it were an additional independent section of the incorporation act. The act of 1874 repeals this act of 1872, leaving no statute in existence limiting the amount, save the original section twenty-three of the act of incorporation, which authorizes the city council to raise the amount necessarily required for the use and good government of the city and for carrying out the powers granted and duties imposed.

The order of the Circuit Court is affirmed.