## KIRKPATRICK ET AL. *v.* VAN CLEAVE, TRUSTEE, ET AL.

[No. 6,665.   Filed November 23, 1909.]

1.  TOWNSHIPS.—*Advisory Boards.—Powers.—Statutes.*—Township advisory boards possess and can exercise only statutory powers. p. 631.

2.  STATUTES.—*Enforcement.*—The courts should enforce valid statutes as written.   p. 632.

3.  TOWNSHIPS.—*Advisory Boards.—Special Meetings.—Powers.*— Township advisory boards, at special meetings, may, by unanimous consent, consider expenditures not included in the existing estimates and levy, and, by a majority vote, may appropriate money for such expenditures.   p. 632.

4.  WORDS AND PHRASES. — *"Whether." — Statutes.* — The word "whether," as used in §9595 Burns 1908, Acts 1901, p. 415, §1, providing that township advisory boards may determine "whether an emergency exists for the expenditure of any sum not included in the existing estimates and levy," imports a possible negative as well as an affirmative determination.   p. 632.

5.  TOWNSHIPS.—*Advisory Boards.—Regular Sessions.—Powers.*— At the regular sessions of the township advisory boards, they may transact business without the unanimous consent of the members, a majority being sufficient.   Rabb, C. J., and Hadley, J., dissenting.   pp. 633, 634.

6.  SCHOOLS.— *Buildings.— Bonds.— Statutes.—Construction.*—The township advisory board statutes were enacted to prevent fraud, and not to curtail the perfecting of the schools; and the courts will construe the statutes so as to carry out such purposes and to settle the confidence of the public in the value of securities issued for school buildings.   p. 633.

From Montgomery Circuit Court; *Samuel R. Artman,* Special Judge.

Suit by Charles Kirkpatrick and others against Henry T. Van Cleave and others.   From a judgment for defendants, plaintiffs appeal.   *Affirmed.*

*Clyde H. Jones* and *John B. Murphy,* for appellants.

*Crane & McCabe* and *Miller, Shirley & Miller,* for appellees.

ROBY, J.—The appellants sought to obtain an injunction against the issuance of bonds for the construction of a school

house in Coal Creek township, Montgomery county, and against the levy of a tax to pay the same. A demurrer was sustained to the complaint, and, the plaintiffs refusing to plead further, judgment was rendered against them. The complaint is long and a summary of the same will not be attempted. The right to a reversal hinges upon the terms of the statute creating and governing the township advisory board. §§9590-9598, 9600-9602 Burns 1908, Acts 1899, p. 150, Acts 1901, p. 415.

The act of 1899, *supra*, concerning township business, provided for the election of an advisory board of three persons, prescribed their qualifications and terms, defined their duties, and provided that two members should constitute a quorum. Section six of said act was, in part, as follows: "Special Meetings of the Board. Upon the special call of the township trustee, or chairman of the advisory board, or a majority of the members thereof, given in writing to each member, stating the time, place and purpose of the meeting, said board may, if a quorum be present, by consent of all the members present, determine whether an emergency exists for the expenditure of any sums not included in the existing estimates and levy. In the event that such emergency is found to exist, said board may authorize, by special order entered and signed upon the record, the trustee to borrow a sum of money, to be named, sufficient to meet such emergency; and at the next annual session of the board a levy shall be made, to the credit of the fund for which such expenditure is made, to cover and pay the debt so created." This section was amended in 1901, the portion before quoted not being in any manner changed. A proviso was added immediately thereafter in the following terms: "Provided, however, that if at any annual or special meeting of said board it shall be found indispensably necessary to provide for the construction of a school building, the cost of which building or the proportionate cost thereof if the same be a joint graded high school building will be in excess of the

sum available therefor out of any annual levy, then in that event, such board may authorize such trustee to issue township warrants or bonds to pay for such building, or the proportionate cost thereof, such warrants or bonds to run for a period of not exceeding five years; and to bear not exceeding six *per centum* per annum, and to be sold for not less than par; and such board shall annually levy sufficient taxes to pay at least one-fifth of such warrants or bonds, with interest, each year, and the trustee shall apply such annual tax to the payment of such warrants or bonds each year. In no event shall a debt of the township be created except by the advisory board of such township, and in the manner herein specified.'' Acts 1901, p. 415, §1, §9595 Burns 1908.

The complaint shows that the trustee of Coal Creek township laid before the advisory board at its regular meeting in September, 1906, as a part of his estimates for his annual expenditures, a request for the construction of a new schoolhouse to cost $30,000 and for authority to issue bonds in said amount to pay therefor. The board thereupon made and entered an order that an emergency and an indispensable necessity existed for the construction of said building and also declared that an emergency existed for the issue and sale of township bonds in said sum. This action was taken by the vote of two members of said board, the third member voting against it and objecting thereto.

Appellants maintain that these proceedings were not valid, and that bonds issued in pursuance thereof are void. The advisory board possesses only statutory powers, and

1. must exercise such powers in compliance with the statute. *Peck-Williamson, etc., Co.* v. *Steen School Tp.* (1903), 30 Ind. App. 637; *Lincoln School Tp.* v. *American School Furniture Co.* (1903), 31 Ind. App. 405; *Silver, Burdett & Co.* v. *Indiana State Board, etc.* (1905), 35 Ind. App. 438.

If the statute requires unanimity on the part of the members of the board in declaring an emergency for the con-

struction of a schoolhouse and the issuance of bonds, then appellants' contention must be granted. The duty of the courts is to enforce the statutes as they are written.

An emergency for the expenditure of sums not included in the existing estimates and levy may be declared at a special meeting of the board. It may be declared by the votes of two members of said board, but the subject cannot be considered at all except by the consent of every member present. Each member of the board is given power to prevent the subject of an emergency appropriation from being taken up at a special meeting. The question to be ultimately determined is whether an emergency exists. The use of the word "whether" implies a possible negative as well as a possible affirmative determination, and upon this question each member of the board is free to vote as he believes he should when the vote is taken; but all must consent that the question shall be taken up and determined before any one has a chance to vote upon it either way. When all members are present all must consent, not to the declaration of an emergency but to the consideration of the question as to whether an emergency exists. One who consents that the board determine this question does not thereby preclude himself from voting that there is no emergency. The situation is analogous to that which arises in legislative procedure when it becomes necessary to have unanimous consent for the consideration of a bill. Members who give such consent do not thereby vote for the bill, and so, under the act in question, consent to have the matter taken up, discussed and voted upon in no way concludes any member of the advisory board when the resolution of emergency is put upon passage. There is nothing in the section or act requiring unanimity in the final vote. Section one specifies that two members shall constitute a quorum. Section six limits the requirement of unanimity, in taking up the question, to the mem-

bers present, a limitation which is inconsistent with the denial of power on the part of the majority to pass the resolution. Generally speaking and in the absence of a statutory or charter restriction, a majority is all that is required for the adoption or passage of any resolution or order properly arising for the action of a collective body exercising administrative functions. *Thurston* v. *Huston* (1904), 123 Iowa 157, 98 N. W. 637; *Rushville Gas Co.* v. *City of Rushville* (1889), 121 Ind. 206, 6 L. R. A. 315, 16 Am. St. 388; *Wood* v. *Gordon* (1905), 58 W. Va. 321, 52 S. E. 261; *Crist* v. *Brownsville Tp.* (1858), 10 Ind. 461; *Heal* v. *Jefferson Tp.* (1860), 15 Ind. 431. There is nothing in the act changing this general rule.

The order relied upon was not made at a special but at a regular session. No requirement for unanimous action at a regular session is contained in the proviso or elsewhere. The reason for this must be that the need of care which existed with regard to the consideration of the subject at special sessions does not exist with regard to regular sessions of which all concerned have notice. The time of the annual meeting is known to members of the board, to taxpayers, and to other persons who are bound to know that questions of the kind under consideration may be there presented.

The purpose of the act under consideration was to guard the township against improvident contracts and against collusion and fraud on the part of those dealing with and those representing it. The utility of the advisory board can be destroyed by a course of decisions that will make it appear to be the creature of a hard law, operating to prevent the transaction of business and to the detriment of persons dealing ·justly with the township. Arbitrarily to read into the act the provision that the board may not declare an emergency for the construction of a schoolhouse at either a special or a regular session, except by unanimous vote, would not only be unwarranted, but it

would be in defiance of public policy. The public school system is of first importance, and adequate and sanitary school buildings are necessary details of that system. Aside from this, it is the policy of the State, expressed by many legislative acts, to promote public improvements, and constructions which unsettle confidence in the value of securities issued to pay for such improvements will not be made except where the terms of the statutes compel, as those of the act under consideration do not.

Appellants' argument is based upon the assumption that a unanimous vote is required to declare an emergency at a special session, and that such requirement is carried forward to a regular session by the clause, "in no event shall a debt of the township be created except by the advisory board of such township and in the manner herein specified," thereby requiring a unanimous vote to declare an emergency at an annual meeting of the board. The premise failing, the conclusion resting upon it need not be discussed.

Other objections are made in the complaint, but they are not strongly urged in argument.

Judgment affirmed.

Myers, C. J., Watson and Comstock, JJ., concur.

Rabb, P. J., and Hadley, J., dissent.


## DISSENTING OPINION.

Rabb, P. J.—I cannot concur in the construction placed on §9595 Burns 1908, Acts 1901, p. 415, §1, by the decision of the court in this case.

In my view the spirit and purpose of the law, and the plain import of the language employed by the legislature in expressing its purpose, require the consent of all the members of the township advisory board present at a meeting, either regular or special, before an emergency can be declared for the expenditure of sums of money not included

in the regular estimate of expenditures made by the trustee, unless the case comes within the provision of the act of March 10, 1903 (Acts 1903, p. 431, §6618 Burns 1908).

Hadley, J., concurs.