THE STATE *v.* RACKLEY.

THE STATE
v.
RACKLEY.

If the jury find a defendant in an indictment guilty and assess the fine, but acquit him as to costs, no judgment for costs can be rendered against him.

Statutes enacted at the same session of the legislature are to be taken *in pari materia*, and should receive a construction which will give effect to each if possible. But if each of them cannot have the same entire effect when taken in connection with the others, that it would have if taken singly, they must be so construed as to give effect to what appears to have been the main intention of the legislature.

| 2b 249 |
|--------|
| 148 635 |

| 2b | 249 |
|-----|-----|
| 170 | 621 |

**ERROR** to the *Decatur* Circuit Court.

HOLMAN, J.—*Rackley* was indicted for retailing spirituous liquors without licence. The jury found him guilty, and assessed his fine at three dollars and sixty-six cents, and acquitted him of costs. The prosecuting attorney moved the Circuit Court for a judgment for costs, *non obstante veredicto;* which motion being overruled, and judgment given on the verdict for the fine only, he filed a bill of exceptions, and has brought the subject before this Court on a writ of error.

The 72nd section of the act respecting crimes and punishments, approved *January* the 20th, 1824, is in these words: "Costs of suit shall, in all cases of conviction, be included in the judgment, where the jury do not find otherwise." R. C. 1824, p. 150 (1). It is not contended but that this provision, taken by itself, confers on the jury a right, in cases of conviction, to acquit the defendant of costs. But it is urged that this power in the jury, is virtually taken away by the act regulating the fees of officers, which was passed at the same session of the legislature, and approved the 30th of *January*, 1824. By which statute it is enacted, that the officers therein mentioned, shall be entitled to receive for their services the fees thereby allowed. Then follows a list of services and fees, including the fees of clerks, sheriffs, &c. in criminal cases, in which it is stated that the prosecuting attorney's fee for every conviction upon indictment shall be five dollars. The fees in criminal cases allowed by this act, are the costs for which judgments are usually given, and what the act, in ordinary acceptation, pre-supposes that the person convicted shall pay. This is the plain meaning of the act. But this meaning is not express-

32

ed in such positive terms, as to authorise this Court in saying that the act would admit of no other, if we should thereby render ineffective a previous enactment of the same legislature. This act gives the officers a right to the enumerated fees, but does not say in express words that they shall be paid by the defendant in all cases of conviction; and the legislature having previously authorised the jury to acquit the defendant of costs, we cannot say that the two acts are so contradictory that they cannot stand together; although by this construction, we find the officers of the Court entitled to certain fees in criminal cases, without any legal method of obtaining them, whenever the jury think proper to discharge the defendant from the payment of costs.

There is another act on the subject of the fees of the prosecuting attorney, which was also approved on the 30th of *January*, 1824; which provides that, in all judgments in criminal prosecutions against any defendant or defendants, the sum of five dollars shall be taxed in the bill of costs, in favour of the prosecuting attorney. R. C. 1824, p. 128. This act seems to be more repugnant to the dispensing power of the jury, with respect to costs, than the act regulating fees; yet if this act is not altogether inconsistent with that, we should give it that construction which, in our opinion, will give effect to what might have been the intention of the legislature in their several enactments (2). These acts, being passed at the same session of the legislature, are to be taken *in pari materia*, and to receive a construction that will give effect to each if possible; but as each cannot have the same entire effect, when taken in connection with the others, as it would have if taken singly, we must so construe them as to carry into effect what appears to have been the main intention of the legislature. That intention we conceive to be this:—In criminal cases the several officers, including the prosecuting attorney, shall be allowed certain fees, which, as a general rule, shall be taxed in the bill of costs against the person convicted, and for which a judgment shall be given; provided, nevertheless, that the jury shall have a right to discharge a person convicted from the payment of costs. We conceive that, by this construction, there is less violence done to the intention of the legislature, than there would be in supposing that they, by one act, intended to defeat ano-

ther that had been enacted at the same session. Under this construction, if the jury exercise their dispensing power, and acquit the defendant of costs, there will be no bill of costs in which the prosecuting attorney's fee can be taxed; and of course it will be left, with the other fees, without any provision for its payment. The Circuit Court acted correctly in refusing to give judgment for costs.

*Per Curiam.*—The judgment is affirmed.

*Whitcomb,* for the state.

*Wick,* for the defendant.

(1) Acc. R. C. 1831, p. 195.

(2) Where two acts are repugnant, that which received the royal assent last must prevail. *Rex* v. *Inhabitants of Middlesex,* Dowl. P. R. 116.