May Term,
1855.

The Board
of Commis-
sioners of
La Grange
County
v.
Cutler.

---

THE BOARD OF COMMISSIONERS OF LA GRANGE COUNTY
*v.* CUTLER.

Where statutes passed at the same session of the legislature, though apparently conflicting, are not directly repugnant, they should be construed in *pari materia* as one statute, and so as to carry out what appears to have been the main intent of the legislature.

A local act approved *January* 16, 1849, provided, that the auditor of *La Grange* county should receive 700 dollars *per annum*, which should be a full compensation for all services which he might perform as such officer. It also provided that it should be his duty, on the first *Mondays* in *March* and *September* of each year, to make to the county board, in such form as it should direct, a return in writing, comprising all the fees and emoluments of said office, and all compensation for labor in any manner received by him in virtue of said office, for the half year ending at that time, which return should be verified, &c. It further provided that it should be the duty of the board to make half-yearly allowances to such auditor of such sum as would make his half-yearly salary equal to 350 dollars, to be paid out of the treasury of said county. The act "to increase and extend the benefits of common schools," approved *January* 17, 1849, after requiring county auditors to perform the several duties, &c., which, before that time, belonged to the office of school commissioner, provided that for the discharge of such duties, &c., they should be allowed by the county boards one-half of one per cent. upon the *amount of school funds on loan in their respective counties.*

*Held,* that said statutes should be construed thus: For services relative to the school fund, each county auditor should receive, as a compensation, one-half of one *per cent.* upon the amount of that fund on loan in his county; *provided,* that the auditor of *La Grange* county should not be allowed such *per centum* in addition to his fixed salary of 700 dollars.

APPEAL from the *La Grange* Circuit Court.

DAVISON, J.—This was a proceeding instituted by *Cutler*, the auditor of *La Grange* county, before the county board, to obtain an allowance in payment of his salary. The following is the cause of action:

May Term,
1855.

THE BOARD
OF COMMIS-
SIONERS OF
LA GRANGE
COUNTY
v.
CUTLER.

*Thursday,*
*June 7.*

"The county of *La Grange* to *Simon M. Cutler*,     DR.
September, 1852. To salary as auditor from the 1st
    of *March* to the 15th of *June*, being three months
    and fifteen days, at $700 per year............$201 16
Credit, by incidental fees during that time......   7 55
                                              _____
                                                 $193 61"

The board having heard the case, ordered that *Cutler*, the auditor, should receive out of the school funds 117 dollars and 14 cents, being the amount of one-half of one per cent. allowed for the management of that fund, from *March* 2, 1851, to *March* 2, 1852; and also that he be allowed 76 dollars and 47 cents out of the county treasury, &c. From this decision the auditor appealed. In the Circuit Court, the cause was submitted upon an agreed case. The Court rendered judgment in favor of *Cutler* for 117 dollars and 14 cents; and the county board appeals to this Court.

The validity of this judgment depends upon the construction to be given to an act of the legislature approved *January* 16, 1849, and to the 5th section of another act, entitled " an act to increase and extend the benefits of common schools," approved *January* 17, 1849. The former is a local law, applicable to *La Grange* county, and provides, 1. That the auditor of said county shall receive 700 dollars *per annum*, which sum shall be a full compensation for all services which he may perform as such officer. 2. It shall be his duty, upon the first *Mondays* in *March* and *September*, in each year, to make to the county board, in such form as it shall direct, a return in writing, embracing all the fees and emoluments of said office, and all compensation for labor in any manner received by him in virtue of said office, for the half year ending at that time, which return shall be verified, &c. 3. It shall be the duty

May Term,
1855.

THE BOARD
OF COMMIS-
SIONERS OF
LA GRANGE
COUNTY
v.
CUTLER.

of said board to make half-yearly allowances to such auditor of such sum as will make his half-yearly salary equal to 350 dollars, to be paid out of the treasury of said county.

These provisions, it will be seen, fix the annual salary of the auditor of *La Grange* county, "for all services he may perform as such officer," at 700 dollars. But the act approved *January* 17th, after requiring county auditors to perform the several duties, &c., which, prior to that time, belonged to the office of school commissioner, provides, that for the discharge of such duties, &c., they shall be allowed by the county board one-half of one per cent. upon the amount of school funds on loan in their respective counties. Acts of 1849, pp. 69, 125.

This *per centum*, it is insisted, rightfully belonged to *Cutler*, in addition to the salary provided by the local statute; and such was the decision of the Circuit Court. If this construction be the true one, that statute can not be carried into effect in accordance with its manifest intent; because it expressly enacts that 700 dollars *per annum* shall be in full for all services the auditor, as such officer, may perform. Nor would the county board be able to settle the half-yearly salary of 350 dollars, because, in the performance of that duty, they are bound to take into consideration " all the compensation for labor in any manner received by him in virtue of his office for such half year."

Between the above statutes, there is no direct inconsistency, though it may be said there is an apparent conflict. They relate to the same subject, viz., an allowance to the auditor for his services, and were passed at the same session of the legislature. This being the case, the rule of construction is well settled. It becomes the duty of the Court to regard these enactments in *pari materia*, to consider them as one statute, and give them such an exposition as will sustain what appears to have been the main intent of the law-maker. In this case, the language of the local act relative to the salary and the mode in which it is to be paid, is too plain to afford any room for interpretation. It was, no doubt, a special favor conceded to the people of *La Grange* county, to have the compensation

of their auditor regulated on the basis of a fixed salary; and we are not permitted to indulge the conclusion that the legislature, at the same session, had intended to revoke such conceded favor, unless their intent to do so appeared manifest.

From this view, the intention evinced in the statutes under consideration, when taken together, may be stated thus: For services relative to the school fund, each county auditor shall receive as a compensation one-half of one per cent. upon the amount of that fund on loan in his county; *provided*, the auditor of the county of *La Grange* shall not be allowed such per centum in addition to his fixed salary of 700 dollars. This construction, in our opinion, is fully sustained by authority. *Mc Cartee* v. *The Orphan Asylum Society*, 9 Cowen 437.—*Dodge* v. *Gridley*, 10 Ohio 173.— *The State* v. *Rackley*, 2 Blackf. 249.—*McMahon* v. *The Cincinnati and Chicago Short-Line Railroad Company*, 5 Ind. R. 413.

The judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. L. Worden*, for the appellants.