*A. Ellison*, for appellant.

*D. D. Pratt* and *D. P. Baldwin*, for appellee.

---------◇---------

BLAIN *v.* BAILEY, Treasurer, &c.

STATUTES—REPEAL BY IMPLICATION.—The law does not favor a repeal by implication, and when two acts are seemingly repugnant, they must, if possible, be so construed that the latter may not operate as a repeal of the former.

SAME—CITIES.—The act of *June* 18, 1852, (1 R. S. 1852, p. 481,) which exempts farm lands included within the limits of a city from taxation for municipal purposes, is not repealed by sec. 42 of the act of 1857, (1 G. & H., 216,) which gives the common council power to collect an *ad valorem* tax "on all property within such city."

SAME.—The act of 1857 is a general statute, without negative words, while the exempting act of 1852 is particular. In such a case the rule is that there is no repeal by implication, unless it is absolutely necessary in order to give the words of the later act any meaning at all.

APPEAL from the *Laporte* Circuit Court.

FRAZER, C. J.—This was a suit by the appellant against the appellee, treasurer of *Michigan* city, to restrain the collection of city taxes upon five hundred acres of farming lands, no part of which had ever been laid off into lots, or occupied as such. Long ago, when it was hoped that *Michigan* city would become what *Chicago* is, a large city, it was incorporated as a city by special act of the legislature,

with boundaries including about five thousand acres of farming lands, the plaintiff's being a part thereof. Shortly after the passage of the act of 1857 for the incorporation of cities, (1 G. & H., 216,) the common council, by resolution, adopted .that act, and thenceforth the corporation has existed under it. Sec. 79. *Michigan* city contains less than five thousand inhabitants, and the plaintiff's lands constitute one farm. The complaint showing the foregoing facts was demurred to below, and the demurrer was sustained, and we are called upon to determine, in reviewing that decision, whether the lands were subject to city taxation.

An act was passed *June* 18, 1852, exempting such property from city taxation ·in cases like this. 1 R. S. 481. Is this act repealed by the act of 1857 already referred to? It is claimed that it is inconsistent with section 42 of the latter act, and is therefore repealed by implication. It is a maxim in the construction of statutes, that the law does not favor a repeal by implication, and it has accordingly been held that where two acts are seemingly repugnant, they must, if possible, be so construed that the latter may not operate as a repeal of the former. *Bowen* v. *Lease*, 5 Hill 221; *Bruce* v. *Schuyler*, 4 Gilm. 221; Dwarris on Stat. 674. It has also been held, in pursuance of this maxim, that an act is not repealed by implication where the legislature had no intention to repeal it. *Tyson* v. *Postlethwait*, 13 Ill. 728.

The act of 1857, *supra*, is in effect but a revision and amendment of the "act for the incorporation of· cities," of *June* 18, 1852. 1 R. S. 203. It expressly repeals it and all acts amendatory thereof, and then re-enacts almost the whole body of it in exactly the same language, inserting some new provisions. The 42d section, which is claimed to effect by implication the repeal insisted on, gives the common council power to levy and collect an *ad valorem* tax "on all property * * within such city." The 42d section of the "act of 1852, for the incorporation of· cities," employed precisely the same language. The act last mentioned took effect on the same day with the act

exempting farming lands from city taxes already cited. While these two acts continued in force they were, by the settled rules of construction, to be so interpreted that both could have effect. This could be done by holding the particular cases mentioned in the exempting act to constitute exceptions to the general provisions of the other act, and we are not aware that any doubt was entertained upon that subject at that time.

Now we cannot suppose that the legislature, by re-enacting a provision in the same language which was employed in a repealed statute, intended to impart to it a wider scope, or other meaning, than that which the same words were previously intended to import, especially when the effect would be to accomplish what is not favored in the law—the repeal of another statute by implication. It is more reasonable to hold that the words have been employed in the same sense in which they had been used in the act repealed. *Dutcher* v. *Crowell*, 5 Gilm. 445, is in point upon this subject. In 1833 the legislature of *Illinois* enacted that plaintiffs in certain actions, which had been commenced by summons, "might at any *time*, pending such suit," &c., sue out an attachment in aid thereof. In the act as printed by authority, the word *"term"* appeared instead of "time," but the courts held this to be a misprint. In 1845 the statutes of that State were revised, and the act of 1833 was embodied therein, re-enacted in the same language in which it had been before printed, including the error. It was held that the legislature intended to continue the act in force with the construction which it had previously received, and that "term" must be taken to mean "time." The position that it was not intended to repeal the act in question is strongly confirmed by the fact that the act of 1857, (sec. 1,) expressly repeals several acts which would undoubtedly have been repealed by it by implication, but is entirely silent as to this act. Why was this? The legislature must be presumed to have acted with deliberation, and.

with a full knowledge of all existing acts upon the same subject. *Bowen* v. *Lease, supra.*

Again, the 42d section of the act of 1857 is a general statute, without negative words, while the exempting act of 1852 is particular. In such a case the rule is that there is no repeal by implication unless it is absolutely necessary, in order that the later act shall have any meaning at all. Dwarris-674; Sedgwick on Stat. 123; *Williams* v. *Pritchard,* 4 T. R. 2. The authority last cited was a case much like the one before us. An act of parliament had authorized persons to inclose and embank portions of the soil under the river *Thames,* and had declared that such land should be exempt from all taxes. Afterward the land tax act by general words embraced all the land in the kingdom, and it was held that a tax upon the particular lands mentioned in the first act was illegal. Numerous other cases, both *English* and *American,* cited in Sedgwick, are to the same effect.

The judgment is reversed, with costs, and the cause remanded, with directions to overrule the demurrer.

*J. B. Niles,* for appellant.

*J. Bradley,* for appellee.