## M. V. B. GILLETTE, *v.* JOHN SHARP.

PAYMENT OF JURORS' FEES BY COUNTIES—PEREMPTORY STATUTE. The act of 1871, relating to the fees of jurors, and requiring the county auditor to draw his warrant on the county treasurer therefor, upon the certificate of the clerk of the court showing the amount due, (Stats. 1871, 56) is peremptory, and admits the exercise of no discretion on the part of the auditor.

THE LATEST EXPRESSION OF LEGISLATIVE WILL, THE LAW. Section 1 of the act of 1871, (Stats 1871, 56) requiring the auditor to draw his warrant upon the treasurer for jurors' fees upon the ce tificate of the clerk of the court showing the amount due, conflicts, with evident intention, with sections 9, 10 11 and 12 of the act concerning county commissioners, (Stats. 1864–5, 259) ; and being the subsequent expression of legislative will, it overrides them to the extent of creating an exception, in favor of jurors, to the general rules requiring claims against counties to be audited as therein prescribed.

This was an application to the Supreme Court for a mandamus requiring John Sharp, the county auditor of Nye County, to draw his warrant on the treasurer of that county in favor of the petitioner Gillette for $28.50, for his fees and mileage as a juror at the August term, 1871, of the fifth district court.    The questions involved were presented on an agreed statement of facts, in which the fact of the petitioner's attendance as a juror, the distance of his residence from the court, the certificate of the clerk of the amount due, and the demand upon and refusal of the auditor to draw his warrant, were set forth.    It was also agreed that the account had not been presented to, or allowed or acted upon by the county commissioners, nor presented to the auditor for allowance or approval.    It was also agreed that at the time of the demand upon the auditor there was no money in the treasury of Nye County, and that there were then outstanding and unpaid audited and allowed accounts against the general fund in the sum of nine thousand dollars.    Counsel further stipulated that if the writ should

issue, it should designate the fund on which the warrant should be drawn.

*Frank Owen* and *John Bowman,* for Petitioner.

The act leaves no discretion to the auditor; for when an account is presented to him under the provisions of the act, he is commanded absolutely to draw his warrant on the treasurer for the amount specified in the account. There being no funds in the treasury was no ground for refusing to draw a warrant as demanded. *McCauley & Tevis* v. *Brooks,* 16 Cal. 11; *Humboldt County* v. *The County Commissioners of Churchill County,* 6 Nev. 30.

*George R. Williams,* for Respondent.

The act of 1871 does not wholly repeal sections 9, 10, 11 and 12 of the act relating to county commissioners, but repeals them, if at all, only so far as they conflict with it. It does not conflict with the portions of those sections which prescribe the duties of the county auditor. The act does not make jurors preferred creditors; their accounts should be presented to the county commissioners and county auditor for their approval, and paid in the order of their registration, the same as other accounts against the county, and out of the general fund.

By the Court, WHITMAN, J.:

In 1871, the legislature passed the following act, amendatory of the statute of 1869:

" SECTION 1. Each juror summoned in the state, whether petit or grand juror, unless he be excused by the court from serving on the day he is summoned to attend court, shall receive three (3) dollars per day for each and every day he may be in attendance upon court, and fifteen cents per mile in traveling to and returning from court, all of which shall be paid out of the county treasury. The auditor shall draw his warrant on the treasurer for the compensation provided in this act, upon certificate of the clerk of the court showing the amount due."          *          *          Stats. 1871, 56.

The main differences between the statute of 1871 and that of 1869 are, the substitution of the clerk's certificate for any and all

other auditing or verification of the demand; and the positive requirement upon the auditor to draw his warrant, upon presentation of such certificate.   In these respects it conflicts, with evident intention, with sections 9, 10, 11 and 12 of the act creating a board of county commissioners, (Stats. 1864–5, 259); and, being the subsequent expression of legislative will, must override them to the extent of creating an exception in favor of jurors to the general rules therein expressed.

As the direction to the auditor is peremptory and admits no exercise of discretion, and the agreed facts present no obstacle thereto, the mandamus asked should issue, directing respondent to draw his warrant upon the treasurer in favor of petitioner, for the amount certified by the clerk.   What fund should be drawn upon, is for the auditor to ascertain in the proper exercise of his powers.

Let a peremptory mandamus issue.

By GARBER, J., dissenting:

There can be no difference of opinion or controversy as to the rule of law concerning the repeal, total or partial, of statutes, by implication.   Such repeals are not favored.   The uniform language of the books is that, while the old statute gives place to the new one, this is to be understood only when the latter is couched in negative terms, or where its matter is so clearly repugnant that it necessarily implies a negative.   But if both be merely affirmative, and the substance such that both may stand together here, the latter does not repeal the former, but they shall both have a concurrent efficacy.   1 Black. Com. 89.   Hence are deduced the rules that courts are bound to uphold the prior law, if the two may subsist together, or if it be possible to reconcile the two acts together; and that there is no repeal by implication, unless it is absolutely necessary in order that the later act shall have any meaning at all. 1 Black. 470; 25 Ind. 167; 2 Beas. (N. J.) 291.

By section 10 of the statute of March, 1865, it is provided that no warrant shall be drawn by the auditor on the county treasurer on any fund, unless the money be therein at the time to pay the same, and that any warrant drawn contrary to such provision shall be absolutely void.   The statute of 1869, fixing the compensation

of jurors, provides that: " The board of county commissioners shall audit and allow the compensation provided in this act, upon the certificate of the clerk of the court showing the amount due." The amendment of 1871 simply dispenses with the action of the board as a condition precedent to the drawing of the warrant by the auditor, and directs its issuance upon the clerk's certificate, in lieu of the order of the board based upon the clerk's certificate. Not only is it not impossible for the clause of section ten above quoted to subsist with this amendment, but it is clear that there is no repugnancy whatever between them.   Without holding that the latter repeals the former, we can not only give to the amendment some meaning, but it can have the very meaning and operation which the legislature must have intended, for there is nothing to indicate an intention to make jurors preferred creditors.   All that appears is an intention to prescribe a rule of evidence or a mode of authentication, by which the existence and amount of their claims should be established.   So far as this is concerned, the former provisions of the statute are repealed, and thus far only. The auditor must now draw his warrant on presentation of the certificate, as formerly he must have drawn it on submission of the order of the board ; subject however, in each case, to the auxiliary provision of section ten above quoted.

Any other construction would not only be in direct disregard of the settled law on the subject of repeals by implication, but tends necessarily to the introduction of disorder and confusion into the financial affairs and business of the counties.   And I can see no reason why, once his claim is adjusted and established, a juror should be allowed a warrant for its payment on any other terms or in any other manner than the same is allowed to other persons, whose claims have been reduced to equal certainty, though by a different method.   But it is enough, for the purposes of this case, to consider that there is no necessary or irreconcilable conflict or repugnancy between the said clause of section ten and the amendment ; as the case states that there was no money in the treasury when the warrant was demanded.   I think the petition should be denied.