[No. 1350.]

## THE STATE OF NEVADA EX REL. L. A. DUNKLE, APPELLANT, *v.* W. S. BEARD, RESPONDENT.

STATUTORY CONSTRUCTION—GENERAL AND SPECIAL STATUTES.—In 1891 the legislature enacted a general statute, revising, codifying, and repealing the previous revenue laws of the state. Section 133, providing that sheriffs may retain six per cent. of the proceeds of each license sold, is substantially an amendment of section 85 of the revenue law of 1885, which also provided for sheriffs' compensation. In 1889 the legislature passed a special and local act limiting the compensation of the sheriff of Eureka county to an annual salary of four thousand dollars, for any and all services and *ex-officio* services of every kind and character by him rendered. *Held*, that the general act of 1891 did not repeal or modify the special and local act of 1889.

APPEAL from the District Court of the State of Nevada, Eureka county.

*A. L. Fitzgerald*, District Judge.

Application by the State *ex rel.* L. A. Dunkle, as sheriff of Eureka county, for a writ of mandate to compel W. S. Beard,

as auditor of said county, to draw a warrant in favor of the relator for three hundred and thirty-three dollars and thirty-three cents, as salary due him for October, 1891.

The relator as license collector of said county had collected licenses amounting to two thousand seven hundred and eighty-one dollars and ninety-nine cents, of which he had failed to pay into the treasury one hundred and sixty-six dollars and ninety-two cents, which he claimed to retain as commissions for collection.

The auditor refused to draw a warrant except for the sum due after deducting said commission.

*Thomas Wren*, for Appellant.

I.  Section 133 of the act of 1891 repeals so much of sections one and two of the act of 1889 as relates to the compensation of the sheriff of Eureka county as *ex-officio* license tax collector. Under section 133 of the act of 1891 appellant is entitled to deduct from the gross amount collected by him six per cent. as compensation.  A statute is repealed by the enactment of another in conflict with or repugnant to it.  (*U. S.* v. *Barr*, 4 Saw. 254.)  When a statute is plain and unambiguous the legislature must be understood to mean just what it has expressed.  In such a case there is no room for construction. (*Brown* v. *Davis*, 1 Nev. 409; *Fitch* v. *Elko County*, 8 Nev. 271; *Lewis* v. *Doron*, 5 Nev. 411.)  It is the duty of courts to ascertain what the legislature had in view in enacting statutes.  (*Odd Fellows Bank* v. *Quillen*, 11 Nev. 109; *V. & T. R. R. Co.* v. *Lyon County*, 6 Nev. 68; *Heydenfeldt* v. *Daney G. & S. M. Co.*, 10 Nev. 313; *Thorpe* v. *Schooling*, 7 Nev. 15.)

II.  There is no analogy between the case of State *ex rel.* Love and the case at bar.

*Peter Breen*, for Respondent.

1.  The general scope of the revenue act of 1891 was to " provide revenue for the state of Nevada, etc.," and section 133 of that act (section 1161 of the old revenue act) was retained to comply with article 4, section 17 of the constitution of this state.  (*State ex. rel. Love* v. *Commissioners of Elko County*, Pac. Rep. June 12, 1890.)

II.  When there are two acts, the one relating exclusively to a certain object, and the other but incidentally touching on

that object, the former act must govern. (*Dobbins* v. *Supervisors of Yuba County*, 5 Cal. 414.) A general enactment providing for a certain sum to an officer in full for his official services is not repealed or changed by a subsequent enactment imposing additional duties upon the officer and providing for a percentage on certain funds. (*La Grange* v. *Cutler*, 6 Ind. 354; *St. Martin* v. *New Orleans*, 14 La. Ann. 113.)

By the Court, BIGELOW, J.:

The question involved in this appeal is whether the relator, as sheriff of Eureka county, is entitled to retain the commissions provided for in section 133 of the revenue law of 1891 for the collection of licenses. (Stats. 1891, 182.)

In 1889 (Stats. 1889, 80) the legislature provided that the sheriff of that county should receive for his services to the county an annual salary of four thousand dollars. Section 2 of the act provides that this salary shall be the only compensation allowed or paid for any and all services and *ex-officio* services of every kind and character rendered by said officer. This act applies only to Eureka county, and in its application is a special and local act. The act of 1891 is a general statute revising, codifying and repealing the revenue laws previously in force in the state. Section 133 of the act, which provides in general terms that the sheriff may retain as compensation for the collection of licenses six per cent. of each license sold, is substantially an amendment of section 85 of the previous revenue law (Gen. Stats. Sec. 1161), which also provided for the sheriff's compensation, and which was in force when the Eureka salary law of 1889 was enacted. That after the passage of the latter act, and until the re-enactment of the revenue law in 1891, the sheriff of Eureka county was not entitled to this commission is admitted, and is absolutely clear. Did the legislature intend by this re-enactment to restore it to him? To our minds it is plain that they did not, and this intention, if discoverable under the rules established for the interpretation of statutes, must control.

One of these rules is that a general statute, without negative words, will not repeal the particular provisions of a former one, unless the two acts are irreconcilably inconsistent. In considering this rule in Sedg. on Stat. Const. 98, the author says: "The reason and philosophy of this rule is, that when the

mind of the legislator has been turned to the details of a subject and he has acted upon it, a subsequent statute in general terms, or treating the subject in a general manner, and not expressly contradicting the original act, shall not be considered as intended to affect the more particular or positive previous provisions, unless it is absolutely necessary to give the latter act such a construction, in order that its words shall have any meaning at all."

Mr. Bishop states it thus: "Ordinarily, if there are a general statute and one local or special on the same subject in conflicting terms, neither abrogates the other, but both stand together, the former furnishing the rule for the particular locality or case, the lattter for the unexpected place and instances. And it is immaterial which is the later in date." (Bish. Writ. Laws, Sec. 112b.) The cases in which this principle has been applied are numberless.

In *Williams* v. *Pritchard*, 4 T. R. 2 (decided in 1790), an act of parliament had authorized persons to embank portions of the soil under the river Thames, and had declared that such land should be exempt from taxation. Afterwards the land tax act by general terms provided that all the land in the kingdom should be taxed, but it was held that this did not include the land which had been previously exempted.

In *Blain* v. *Bailey*, 25 Ind. 165, it was held that an act exempting a certain class of property from municipal taxation is not repealed by a subsequent statute giving cities the power to tax all property within their limits. The two acts are to be construed together; the former as creating an exception to the general terms of the latter.

In *Board* v. *Cutler*, 6 Ind. 354, it appeared that the legislature had passed an act allowing the auditor of Lagrange county a salary of seven hundred dollars a year, which was to be in full satisfaction for all services which he might perform as such officer. Subsequently new duties in connection with the school fund were placed upon the auditors, and as compensation for these a commission was allowed. It was held that these acts evinced no intention that the auditor of Lagrange county should have these commissions in addition to his salary, but that they were payable generally to the other auditors in the state.

In *People* v. *Quigg*, 59 N. Y. 88, it is said: "Laws, special and local in their application, are not deemed repealed by gen-

eral legislation, except upon the clearest manifestation of an intent by the legislature to effect such repeal, and ordinarily an express repeal by some intelligible reference to the special act is necessary to accomplish that end." *State ex rel. Love* v. *Elko Co.*, 21 Nev. 19, is also in point, as holding that an amendatory act passed for one purpose, but which upon the point in question merely repeats the language of the amended act, will not be held to repeal or override another act which was intended to establish a different rule from that contained in the original act. That the same principle is applicable to acts which revise and repeal former acts, as does the revenue law of 1891, as well as acts which in terms amend former ones, see *Bain* v. *Bailey, supra*; *Dulcher* v. *Crowell*, 5 Gilman 445. In the former case it is said: " Now, we cannot suppose that the legislature, by re-enacting a provision in the same language which was employed in a repealed statute, intended to impart to it a wider scope, or other meaning than that which the same words were previously intended to import, especially when the effect would be to accomplish what is not favored in law—the repeal of another statute by implication." It is unnecessary, however, to multiply authorities further. It is sufficient to say that it clearly appears that the legislature of 1891, in revising and repealing the former revenue laws, did not have in mind and did not intend in any way to repeal or modify the act specially applicable to the salaries of the officers of Eureka county. Abundant scope is left for the operation of section 133 of the revenue law, when it is held to apply only to the sheriffs of other counties who are not paid salaries in lieu of all other compensation.

The judgment is affirmed.