## BOARD OF COMMISSIONERS OF MARION COUNTY *v.* THE MARION TRUST COMPANY, RECEIVER.

[No. 4,628.   Filed December 9, 1902.]

TAXATION.—*Insolvent Building and Loan Associations.*—Section 4463d Burns 1901, providing that "all building and loan associations, as such, shall be exempt from taxation," applies to such associations only as going concerns; and the assets of an insolvent building and loan association in the hands of a receiver are properly assessed and taxed.

From Marion Circuit Court; *H. C. Allen,* Judge.

Action by the Marion Trust Company, as receiver of the Washington Savings & Loan Association, against the board of commissioners of Marion county to recover taxes claimed to have been erroneously assessed. From a judgment for plaintiff, defendant appeals. *Reversed.*

*M. M. Hugg*, for appellant.
*J. W. Noel*, for appellee.

WILEY, J.—Upon the decision of this cause depends the settlement of a trust, and upon petition it was advanced. A brief statement of the facts shown by the record will serve to disclose the nature of the action and the only question involved. The Washington Savings & Loan Association was organized under the laws of Indiana to do a general building and loan business. It became insolvent, and appellee was appointed receiver to wind up its affairs. As such receiver, appellee had charge of the assets of the said association, and in the year 1900 listed such assets for taxation at $27,900. Appellee, as such receiver, voluntarily paid to the treasurer of Marion county all the taxes assessed thereon, amounting to $535.68. After the payment of such taxes, appellee filed a claim before the board of commissioners to have refunded to it the taxes paid, alleging in its verified claim that it had erroneously listed said assets for taxation, and that such taxes were erroneously and wrongfully paid. The board of commissioners refused to allow the claim, or any part of it, and the trust company appealed to the court below, where a judgment was rendered against the county for $104.16. Appellant's motion for a new trial was overruled, and this is the only error assigned. Appellant's motion for a new trial was based upon four grounds, but which may properly be embraced in two, viz., that the finding of the court is not sustained by sufficient evidence, and is contrary to law.

The evidence is without conflict, and shows that on April 1, 1900, appellee, as receiver, had on hands assets of the

association of the value of $27,900. The statement in the assessment list as made out and returned to the taxing officers by appellee is as follows: "Money on hand, or on deposit with banks, trust companies, corporations, firms, or individuals, or subject to my order, check, or draft, including circulating notes of national banking associations, and United States legal tender notes, and other notes and certificates of the United States, payable on demand, and circulating, or intended to circulate, as currency, and gold, silver, or other coin, $27,900." It is also shown that the trust company believed it to be its duty to list the assets of the association for taxation, and was not otherwise advised until June, 1901. It was agreed that of the amount paid by appellee to the treasurer for taxes, $104.16, was due to Marion county. It was also shown that the association was insolvent, and that appellee made a demand upon the county to have refunded to it the taxes so paid.

The single question for decision is this: Is a receiver of an insolvent building and loan association required to list the assets of the association in its hands for taxation, and pay taxes thereon? The decision of the question depends upon the construction of two statutes. These statutes are as follows: "For the purpose of this act, paid-up stock shall be such stock as the owner shall have paid the full face value thereof at the time of the subscription therefor. Prepaid stock shall be stock upon which the owner shall have paid any specific sum in advance at the time of subscription, leaving the balance necessary to mature the same to be paid by the dividends to be declared thereon by the association, or stock on which more than six months' dues have been paid in advance. All building and loan associations, as such, shall be exempt from taxation. Shares of stock on which loans have not been made or advanced by the association, which stock is paid-up or prepaid, shall be considered and held as credits of the members, individually and listed by them, and assessed against them for taxation as other property."

Acts 1897, p. 284, §4463d Burns 1901. "All personal property shall be assessed to the owner in the township, town or city of which he is an inhabitant on the 1st day of April, of the year for which the assessment is made, with the following exceptions: * * * Tenth. Personal property in the possession of any person or corporation as trustee, receiver, executor, administrator or guardian shall be assessed for State and county purposes in the county where the court is situated by which such trustee, receiver, executor, administrator or guardian was appointed or to which such trustee, receiver, executor, administrator or guardian reports." §8421 Burns 1901, Acts 1897, p. 250. These two statutes were passed by the legislature in 1897, and approved by the Governor the same day. The one last quoted had an emergency clause and went into effect at once, while the former did not go into effect until July 1, 1897, and then by specific enactment. Section 8421, *supra,* was an amendment of a former statute, and it relates to the taxation of personal property generally. Section 4463d, *supra,* is a part of an act concerning building and loan associations.

The two sections apparently are not in harmony, and, if we are to take the language used literally, the two can not be harmonized or stand together. But these two statutes being passed by the same session of the legislature are to be taken *in pari materia,* and to receive a construction that will give effect to each if possible. *State* v. *Rackley,* 2 Blackf. 249; *Indiana Cent. Canal Co.* v. *State,* 53 Ind. 575; *Wright* v. *Board, etc.,* 82 Ind. 335; *Shea* v. *City of Muncie,* 148 Ind. 14. Here we have two statutes relating to taxation, and if they can stand together it is the duty of the court to uphold them, and they should be construed *in pari materia.* *City of Madison* v. *Smith,* 83 Ind. 502; *Jeffersonville, etc., R. Co.* v. *Dunlap,* 112 Ind. 93. Section 4463d, *supra,* expressly exempts building and loan associations, "as such," from taxation, while §8421, *supra,* places the burden of tax-

ation upon personal property in the possession of any person or corporation as trustee, receiver, etc. The assessment list returned by appellant, as receiver, contains but one item, and that is "Money on hand or on deposit," and shows that the amount is $27,900. Section 8458 Burns 1901, makes it the duty of a receiver to return to the assessor a full and complete description of all the personal property held, possessed, or controlled by such receiver on the 1st day of April of the current year. Money is personal property, and is assessed as such.

No question has been raised as to the validity of that provision of the statute which exempts building and loan associations, "as such," from taxation, and we doubt the power of the legislature to enact such a law. But construing the statute with that provision in it, we think the intention of the legislature in passing the law is clear. Building and loan associations, as such, must be construed to mean those that are in active operation,—those that are going concerns. In a legal sense, an insolvent building and loan association, placed in the hands of a receiver, is no longer a building and loan association, within the full meaning of the term. It ceases to do business, and its affairs are in process of being wound up. The stock held by its shareholders is of uncertain value, and possibly in many cases its value is not ascertainable. A receiver for an insolvent building and loan association represents not only creditors, in the general meaning of the term, but represents the stockholders as well, and must adjust the affairs of the association equally between them. *Bingham* v. *Marion Trust Co.,* 27 Ind. App. 247. Taking the last expression of the same court as the law, where an insolvent building and loan association goes into the hands of a receiver, the corporation is dead. *Huter* v. *Union Trust Co.,* 153 Ind. 204. If it is dead, it is dead for all purposes, and all that can be done is to wind up its affairs and adjust questions between its stockholders and creditors. It is the function of a receiver of an insolvent

corporation to wind up its affairs. *Marion Trust Co.* v. *Trustees, etc.,* 153 Ind. 96. Assets of an insolvent corporation in the hands of a receiver constitute a trust fund for the benefit of all who are entitled to share in its distribution, and such trust fund will be applied to the payment of its creditors before distribution to its stockholders. Beach, Receivers (2d ed.), §448; *First Nat. Bank* v. *Dovetail, etc., Co.,* 143 Ind. 550, 52 Am. St. 435; *Franklin Nat. Bank* v. *Whitehead,* 149 Ind. 560, 39 L. R. A. 725, 63 Am. St. 302. It is true that stock in a building and loan association is taxable to the several shareholders. *International, etc., Assn.* v. *Board, etc., ante,* 12.

But the taxes here assessed were not assessed against the shares of stock in the hands of the shareholders, but upon money in the hands of the receiver. By holding that shares of stock in a building and loan association shall be listed in and assessed for taxation to the individual stockholder while such association is solvent and a going concern, and after it becomes insolvent and is placed in the hands of a receiver the personal property of such association shall be listed in and assessed to the receiver, both §§4463d and 8421 Burns 1901 can be upheld and given full force and effect. When thus construed there is no conflict between them. By this construction both can stand, and, as above indicated, it is our duty so to construe them, if we can consistently do so.

All persons liable to taxation are required by statute to answer under oath certain questions. One of such questions is this: "Are you or were you on the 1st day of April of the present year * * * the receiver of any corporation, association or firm * * * investing, loaning or otherwise controlling the money or other property of any other person," etc. §8459 Burns 1901. Section 8421, *supra,* provides that personal property in the hands of a receiver shall be assessed for State and county purposes in the county where the court is situated by which such receiver was appointed, or to which he reports. The receiver

in this case was appointed by the Marion Circuit Court. All these statutory provisions to which we have referred, except §4463d, *supra,* are general. No exception is made in favor of building and loan associations in the hands of a receiver.

We can see no difference between the position occupied by appellee than it would have been if the building and loan association, of which it is receiver, had been an individual, and it had been appointed executor or administrator. In either event it is made the duty both of a receiver and administrator to answer the questions required by statute, and list for taxation all personal property in their possession or under their control. By these statutes it certainly was the intention of the legislature to place the burden of taxation equally upon all classes of personal property, whether in the hands of individual owners, or in the hands and under the control of receivers, etc.

By the construction we have given the two statutes under consideration, there is no conflict between them, for under them the shareholder would be taxed on the shares of his stock while the association was solvent and a going concern, and the assets of the association would be taxed to the receiver after they had passed into its hands. This being true there would not be a double taxation. As both statutes were passed at the same session of the legislature, and approved the same day, we must presume that it was the intention of the legislature that both should stand and be and remain in full force and effect, and this could not be under any other construction. Should we adopt the construction for which appellee contends we would be led to the inevitable conclusion that it was the intention of the legislature to exempt one class of receivers from the operation of subdivision ten of the act approved March 8, 1897. If such had been the intention of the legislature it would have been so expressed in the act.

Under the construction we have given these statutes, the finding of the trial court is both contrary to the law and the evidence.    Judgment reversed, and the court below is directed to sustain appellant's motion for a new trial.