# THE SUPREME COURT

### OF THE

# STATE OF NEVADA

## OCTOBER TERM, 1914

[No. 2145]

IN THE MATTER OF EMILIO DOTTA, PETITIONER, v.
A. W. HESSON, E. E. CAINE, JOHN CAZIER, AS
THE COUNTY BOARD OF EDUCATION OF THE COUNTY
OF ELKO, RESPONDENTS.

[143 Pac. 305]

1. STATUTES—REPEAL BY IMPLICATION.
    Repeals of statutes by implication are not favored.

2. SCHOOLS AND SCHOOL DISTRICTS—HIGH-SCHOOL BUILDING—ISSU-
    ANCE OF COUNTY BONDS—STATUTES.
    The act approved March 22, 1913 (Stats. 1913, c. 157), author-
    izing Elko County to issue bonds for, and to construct and
    equip, a high-school building in the town of Wells, was not
    repealed or amended by the act approved March 25, 1913 (Stats.
    1913, c. 244), relative to the construction of county high-school
    buildings.

3. STATUTES—GENERAL AND SPECIAL LEGISLATION—HIGH SCHOOLS.
    The act approved March 22, 1913 (Stats. 1913, c. 157), author-
    izing the county of Elko to issue bonds for, and to construct and
    equip, a high-school building in the town of Wells, is not a
    special law violative of Const. art. 4, sec. 21, providing that
    where a general law can be made applicable, all laws shall be of
    general operation throughout the state.

ORIGINAL PROCEEDING in prohibition by Emilio Dotta

against A. W. Hesson, and others, as County Board of Education of the County of Elko, State of Nevada. **Dismissed.**

*Otto T. Williams,* for Petitioner.

*Milton M. Badt,* for Respondents.

By the Court, NORCROSS, J.:

This is an original proceeding in prohibition. The relator, a citizen and taxpayer of Elko County, seeks the order of this court prohibiting respondents, as the county board of education of Elko County, from further proceedings under that certain act of the legislature entitled "An act to authorize the board of county commissioners of the county of Elko, State of Nevada, to issue bonds to provide for the construction, equipment, and furnishing of a high-school building, in the town of Wells, Nevada, and authorizing the county board of education of said county to construct, equip, and furnish said building," approved March 22, 1913.　(Stats. 1913, p. 240.)

It is contended by counsel for relator that the act in question is a special law, and hence violative of section 21 of article 4 of the state constitution; that the act was repealed by a subsequent act entitled "An act to provide for bonding counties for building and equipping county high schools and dormitories or for either one of these purposes, and other matters properly connected therewith," approved March 25, 1913.　(Stats. 1913, p. 368.)

That if not so repealed, it was amended by the last-mentioned act so as to require the two acts to be read and construed together.

Section 1 of the act of March 25, *supra,* provides: "Whenever the county board of education in any county having a county high school shall certify to the board of county commissioners of such county that a new county high-school building or dormitory, or both of these are needed, or that it is necessary to enlarge one or both of the buildings in use, and that the cost of the same is such that

it is expedient to raise the necessary money therefor by direct levy and that a bond issue for the purpose is advisable, and shall furnish the board of county commissioners with a definite statement of the amount of money needed therefor, said board of county commissioners is hereby authorized and directed to submit the question of bonding the county for the amount named to the voters of the county at the next general election; or said board may, in its discretion, order a special election if so requested by the county board of education."

The purpose of the act last mentioned is fully shown by the provisions of section 1, quoted *supra.* The act contains no provisions of express repeal. Section 10 provides: "All acts or parts of acts in conflict with this act are hereby repealed."

If there is any repeal of the prior act of March 22, it is by implication.

[1] It is a well-established rule, repeatedly applied by this court, that repeals by implication are not favored. In *State* v. *LaGrave,* 23 Nev. 379, 48 Pac. 194, this court said:

"The rule that courts are bound to uphold the prior law if it and a subsequent one may subsist together, or if it be possible to reconcile the two together, is well settled. (*McCool* v. *Smith,* 1 Black, 470, 17 L. Ed. 218; Endlich on the Interpretation of Statutes, sec. 21; see the numerous authorities cited by note 1.) Unless the latter statute is manifestly inconsistent with and repugnant to the former, both remain in force. (*Industrial School Dist.* v. *Whitehead,* 13 N. J. Eq. 290, and cases cited.) A general statute without negative words will not repeal the particular provisions of a former one unless the two acts are irreconcilably inconsistent. (*State, ex rel. Dunkle,* v. *Beard,* 21 Nev. 218, 29 Pac. 531.) The repeal, total or partial, of statutes by implication is not favored. As to this rule there can be no difference of opinion, and further authorities need not be cited."

[2] The act of March 25, *supra,* appears to apply only to cases where a county high school is already established

and a new county high school-building or dormitory is needed, or where it is necessary to enlarge one or both of such buildings. This, it seems to us, is the plain language of the statute. The general school law provides a means for the establishing of a county high school without special act of the legislature. (Rev. Laws, secs. 3413–3434.) The act of March 25, *supra*, is in its character supplementary to these general provisions or to the provisions of any special act under which a county high school has been established. There is nothing in the said act of March 25 which would justify this court in holding that it operates either to repeal or amend the special act of March 22, 1913.

[3] Since the passage of a special act by the legislature of 1895, providing for the establishment of a county high school for Elko County (Stats. 1895, p. 59), a number of similar acts have been passed authorizing the establishment of such schools in the counties of Churchill (Stats. 1905, p. 144), Lyon (Stats. 1909, p. 145), Humboldt (Stats. 1913, p. 45), White Pine (Stats. 1914, p. 4), and possibly others, inclusive of the act in question. The passage of these several acts shows that the legislature and the people generally have regarded such acts as not violative of the constitution as it has been interpreted by numerous decisions of this court. It would be unfortunate indeed if we were now bound to hold this legislation unconstitutional. Whatever room there may have been for argument when the question was first presented as to whether this character of legislation was within the constitutional inhibition, the question can no longer be regarded as an open one. The constitutionality of similar legislation has been before the court repeatedly, and universally sustained. (*State* v. *Lytton*, 31 Nev. 67, 99 Pac. 855, and authorities therein cited; *Quilici* v. *Strosnider*, 34 Nev. 9, 115 Pac. 177.)

It is unnecessary to determine the question raised as to whether prohibition is an appropriate remedy, as the proceeding must in any event be dismissed.

The demurrer to the petition is sustained, and the proceeding dismissed.